IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICKY E. BEENBLOSSOM,           ) | 4:09CV3152 |
|                                                         ) | |
|              Plaintiff,           ) | **MEMORANDUM** |
| v.                                                    ) | **AND ORDER** |
|                                                         ) | |
| CITY OF OMAHA, NEBRASKA,      ) | |
| Unknown police officers of the Omaha ) | |
| Police Department, Individually and in ) | |
| their official Capacity, and              ) | |
| PAUL MILONE, individually and in   ) | |
| his official capacity,                        ) | |
|                                                         ) | |
|              Defendants.       ) | |

The plaintiff, Ricky E. Beenblossom, claims in this § 1983 action that his Fourth Amendment rights were violated when Officer Paul Milone of the Omaha Police Department forced him from his home at gunpoint and ordered him to lie face-down on the ground for several minutes in the mistaken belief that he was associated with a next-door neighbor who was placed under arrest for selling drugs to a confidential informant. The controlled drug buy took place in a car that was parked on the street. Officer Milone was part of a "takedown team" that converged on the car and arrested its occupants. Officer Milone's assignment was to provide "lethal cover" for the arresting officers, which meant that his weapon was drawn. Officer Milone claims that Beenblossom was standing on the porch outside his house and was only ordered to the ground for a few seconds before it was determined that the suspect's residence was located next door.

Officer Milone and the City of Omaha have moved for summary judgment. They argue (1) that there was not constitutional violation because Officer Milone had a reasonable suspicion that Beenblossom was involved in criminal activity or else

posed a threat to the officers' safety; (2) that Officer Milone is entitled to qualified immunity; and (3) that there is no evidence the alleged unlawful seizure of the plaintiff's person occurred as a result of a municipal policy, practice, or custom.

After giving careful consideration to the parties' briefs and filed evidentiary materials, and viewing the evidence in the light most favorable to the nonmoving party, I find that the motion should be denied because there are genuine issues of material fact.[1]

Accordingly,

IT IS ORDERED that the defendant's motion for summary judgment (filing 37) is denied.

January 18, 2011.                    BY THE COURT:

                                     *Richard G. Kopf*
                                     United States District Judge

---

[1] In an effort to resolve this matter expeditiously, I have elected not to discuss my findings in detail. See Civil Justice Delay and Expense Reduction Plan, ¶ 12 (U.S.Dist.Ct., D.Neb., Nov. 1993) ("When motions for summary judgment are considered by a district judge and are denied on the ground that a genuine issue of material fact exists for trial, the court will issue a short opinion so stating, rather than a lengthy opinion canvassing the materials on file in support of or opposition to the motion.").